Rochelle Conner
130 Sutherlin Lane
Fairfield, CA 94534
415-516-8270
documents2ink@gmail.com

In Sui Juris



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE CONNER,<br>Plaintiff,<br><br>vs.<br><br>TRISH RAVER, HUMAN RESOURCES DIRECTOR, LORI ELEFANT, MANAGEMENT ANALYST, THE CITY OF EMERYVILLE, DOES 1-25<br><br>Defendants. | Case No.: C22-08867<br><br>**COMPLAINT**<br>**RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION**<br>**DEMAND FOR TRIAL BY JURY** |

## INTRODUCTION

COMES NOW THE COMPLAINANT, Rochelle Conner, hereinafter called "Plaintiff," in pro per, sui juris, NOT pro se parties in regard to this Complaint. The Plaintiff seeks remedies at common law and **NOT** within the statutory or policy jurisdiction.

The Plaintiff is appearing before this Honorable court with enumerated violations/ crimes committed by TRISH RAVER, HUMAN RESOURCES DIRECTOR, LORI ELEFANT, MANAGEMENT ANALYST in their official capacity for CITY OF EMERYVILLE, as Defendants and THE CITY OF EMERYVILLE hereinafter collectively known as Defendants.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

## NATURE OF LAWSUIT

1. In response to COVID-19 health directives, the CITY OF EMERYVILLE shut down its in-person services requiring employees, including Plaintiff to work remotely from home. Plaintiff performed all her job functions remotely using online technology, email, her home computer, and cell phone from March 2020 through April 2021.

2. Defendants violated the U.S. Constitution First Amendment Free Exercise clause, Article 1, Sec. 4 California State Constitution, state, and federal laws when they discriminated against Plaintiff because of her religious beliefs and practices.

3. Defendants violated Plaintiff's religious rights under Title VII, 1964 Civil Rights Act and 29 CFR § 1605.2 when they refused to reasonably accommodate her religious beliefs and practices.

4. Defendants retaliated against Plaintiff through progressive adverse actions leading up to and including termination of her employment in violation of Cal. Code. Reg. Tit. 2 § 11062 because she filed a religious accommodation request.

5. Defendants claimed that Plaintiff was a safety threat by associating and imputing to her an infectious contagious disease (COVID-19) without proof was a substantial factor in terminating Plaintiff's employment.

6. Plaintiff's religious beliefs were the substantial motivating factor in Defendant's decision to terminate her employment.

7. Plaintiff's religious objections to the COVID-19 testing and vaccine are grounded in her belief that God is the ultimate authority in all things, and she holds seriously the potential eternal consequences of her choices which strongly outweigh any dictates of government to the contrary. The laws of nature are the laws of God whose authority can be superseded by no power

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

2

on earth, nor can any legislature obstruct obedience to Him from whose punishments they cannot protect. Robin v Hardaway, Jeff. 109, 1772 WL 11 (Va. Gen. Ct.)

8. COVID-19 is an idol which all the world was mandated to worship.[1] The First Commandment of the Ten Commandments states, "Thou shalt not have any other gods before me."[2] Plaintiff is not obligated to obey any edict that contravenes the commandment of God.

9. Plaintiff's belief that spiritual wickedness was the root of COVID-19 response was evident in 2020 when GOVERNOR NEWSOM shut down churches,[3] banned singing,[4] and violated the religious liberty of churches and individuals[5] by prohibiting the free exercise of religion. (Exhibit 1 through 1.4 incorporated by reference)

10. Defendants' decision that Plaintiff's beliefs were secular, medical and personal were made in Defendants' own scheme of things.

11. Defendants terminated Plaintiff because she refused to violate her sincerely held religious beliefs and practices, labeling her behavior as insubordination, making her ineligible for unemployment benefits and future comparable employment.

12. Plaintiff religious beliefs were the substantial motivating factor in Defendants' decision to terminate her employment.

13. Upon information and belief, Plaintiff was the only Christian who applied for a religious accommodation of the testing mandate.

---

[1] Daniel 3:1-30
[2] Exodus 20:3
[3] https://www.lifenews.com/2020/04/23/church-sues-california-gov-gavin-newsom-for-shutting-it-down-but-leaving-abortion-clinics-open/
[4] https://files.COVID-19.ca.gov/pdf/guidance-places-of-worship.pdf
[5] https://www.justice.gov/crt/page/file/1279096/download https://www.faithwire.com/2021/05/24/no-more-church-bans-ca-gov-newsom-ordered-to-pay-1-35m-in-legal-fees-for-shutting-down-churches/

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

3

14. Upon information and belief, Plaintiff was the only employee terminated under Defendant's COVID-19 policy.

## **PARTIES – PLAINTIFF**

15. Plaintiff, Rochelle Conner, resides in Solano County and was hired by the CITY OF EMERYVILLE as an EXECUTIVE ASSISTANT to the CITY MANAGER and CITY ATTORNEY in November 2015 and is a member of a protected class under Title VII of the 1964 Civil Rights Act.

## **PARTIES - DEFENDANTS**

16. Defendant, CITY OF EMERYVILLE, is a local government entity organized under the US Constitution and laws of the State of California and is liable for damages under 42 U.S.C. § 1983.

17. Defendant, CITY OF EMERYVILLE, is an employer pursuant to the definition of 42 U.S.C. § 2000e and employs 100+ employees and is liable for damages.

18. Defendant, TRISH RAVER is the EMERYVILLE HUMAN RESOURCE DIRECTOR who conducted and facilitated the process leading to adverse employment actions and termination of Plaintiff's employment and is sued in her official capacity.

19. Defendant, LORI ELEFANT, MANAGEMENT ANALYST within the EMERYVILLE HUMAN RESOURCES DEPARTMENT was a facilitator of the accommodation process and is sued in her official capacity.

## **JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

21. This court has jurisdiction over controversies arising under the United States Constitution and laws under 28 U.S.C. § 1367(a) and 42 U.S.C. § 1983, 42 U.S.C. 2000e-2.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

4

22. This Court has authority to grant remedies under 28 U.S.C. § 1343, 42 U.S.C. § 1983, 2 U.S.C. Section 2000e-5(g) and Fed. Rules Civil Procedure Rule 38, 39.

## DIVISIONAL ASSIGNMENT

23. Pursuant to Local Rule 3-2(c), this action arose in ALAMEDA COUNTY, CALIFORNIA and thus should be assigned to the Court's Oakland Division.

## FACTUAL BACKGROUND

24. In March 2020, the CITY OF EMERYVILLE shut down City Hall requiring employees, including Plaintiff to work remotely from home. Plaintiff performed her job functions remotely using online technology, email, her home computer, and cell phone from March 2020 through April 2021.

25. When Plaintiff returned to work in the office in April 2021, she was assigned to work under the supervision of CITY OF EMERYVILLE FINANCE DIRECTOR, BRAD FARMER. (Exhibit 2 incorporated by reference)

26. On July 6, 2021, Defendant issued a Return-To-Work Policy, AI 1135, requiring employees to daily certify a "Self-Assessment of Symptoms and Possible Exposure to COVID-19". (Exhibit 3 incorporated by reference)

27. From July 2021 through December 2021, Plaintiff daily certified that she had no COVID-19 symptoms nor had been exposed to anyone with COVID-19.

28. On August 24, 2021, Plaintiff notified Defendant that her religious liberty was based upon the Bible as the inerrant Word of God, the founding documents of America - the Declaration of Independence and the Constitution. (Exhibit 4 incorporated by reference)

29. On October 11, 2021, Defendants revised its COVID-19 policy to include Attachment D, COVID-19 Vaccination and Testing Requirements which included the option to request an accommodation of the testing requirements for religious reasons. (Exhibit 5 incorporated by reference)

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE I, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

5

30. On October 18, 2021, Plaintiff filed a request for accommodation of the testing and vaccine mandate. (Exhibit 6 incorporated by reference)

31. Plaintiff specified the religious nature of the conflict between her faith and Defendants' policy and how the vaccination and testing activities violated her sincerely held religious belief and practice according to II Timothy 1:7 *"God has not given us a spirit of fear but of love, power and a sound mind"* and Ephesians 6:12 *"We wrestle not against flesh and blood but against principalities, powers, rulers of the darkness of this world and spiritual wickedness in high places"*. (See Exhibit 6.1 incorporated by reference)

32. On or about October 2021 through December 13, 2021, Defendants assigned Plaintiff to sit at the public reception desk for two hours a week.

33. On November 3, 2021, Plaintiff proposed several reasonable accommodations that would eliminate the conflict between Defendants' policy and her job requirement. (Exhibit 7 incorporated by reference)

34. On December 13, 2021, Defendants began progressive and adverse actions toward terminating Plaintiff's employment. (Exhibit 8 incorporated by reference)

35. On December 17, 2021, Plaintiff inquired what criteria Defendants were using to evaluate the sincerity of her religious beliefs. (Exhibit 9 incorporated by reference)

36. On January 3, 2022, Defendants denied Plaintiff's accommodation requests claiming Plaintiff's beliefs were secular and any accommodation was unreasonable, unsafe or both. (Exhibit 10 incorporated by reference)

37. On January 7, 2022, Plaintiff filed a second notice of religious exemption to Defendants requesting the names, titles, qualifications, and expertise used to judge the religious nature of Plaintiff's beliefs or practice. (Exhibit 11 incorporated by reference)

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE I, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

6

38. On January 26, 2022, Defendants issued Plaintiff a notice of termination of employment because she refused to comply with a COVID-19 policy that violate her religious beliefs and practices. (Exhibit 12 incorporated by reference)

39. Upon information and belief, Plaintiff is the only Christian that applied for a religious accommodation.

40. Upon information and belief, Plaintiff is the only employee terminated because she refused to surrender and violate her own religious beliefs.

41. Upon information and belief, Defendants rescinded their vaccine and testing policy after terminating Plaintiff's employment.

42. Plaintiff has exhausted all administrative remedies and received a Notice of Right to Sue from the Equal Employment Opportunity Commission. (Exhibit 13 incorporated by reference)

## SCOPE OF VIOLATIONS/CRIMES

### First Cause of Action

**Violation of 29 CFR § 1605; Cal. Code Regs, Title 2 § 11062**

43. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 42, as if fully set forth herein.

44. Plaintiff's sincerely held religious beliefs are that COVID-19 mandates were driven by the spirit of fear, deception, and spiritual wickedness in high places. 29 CFR § 1605.1

45. Plaintiff's sincerely held belief in a spiritual cosmic battle between God and Satan is rooted in the Bible, the Christian religion and more commonly known in world history as a battle between good and evil.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

7

46. Plaintiff had every reason to believe COVID-19 was a spiritual attack on her religious belief and practices when Governor Newsom in 2020 when shut down churches, banned singing, and violated the religious liberty of churches and individuals.

47. Plaintiff notified Defendants of the need for a religious accommodation pursuant to 29 CFR § 1605.2(c)(1). Defendants had an obligation to reasonably accommodate the Plaintiff's religious practices absent undue hardship with an accommodation that would eliminate the conflict between Plaintiff's religious beliefs and practices, and the job requirement.

48. A reasonable accommodation may include, but is not limited to, job restructuring, job reassignment and modification of work practices. Cal. Code Regs. Title 2 § 11062.

49. As a direct and proximate result of Defendants' violation of 29 CFR § 1605.2 and Cal. Code Regs. Title 2 § 11062, Plaintiff has suffered harm and continues to suffer harm including loss of wages, denial of unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory and punitive damages in an amount to be proven at trial.

### Second Cause of Action

### Violation of Cal. Code Reg. Title 2 § 11062

50. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 49 and the First Cause of Action, as if fully set forth herein.

51. It is unlawful to discriminate or retaliate against a person for requesting reasonable accommodation based on religion, regardless of whether the employer granted the request.

52. Defendants retaliated against Plaintiff because she requested an accommodation of the conflicting job requirement and would not submit to the covid vaccination or tests in violation of her sincerely held religious beliefs.
RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE I, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

8

53. Defendants retaliated against Plaintiff by relieving her of all duties and removing her from the office to prevent her from performing her job functions.

54. As a direct and proximate result of Defendants' violation of Cal. Code. Reg. Title 2 § 11062, Plaintiff has suffered harm, continues to suffer harm in loss of wages, denial of unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory damages in an amount to be proven at trial.

### Third Cause of Action

**Violation of 42 U.S.C. § 2000e–2(m)**

55. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 54 and the First Cause of Action through the Second Cause of Action, as if fully set forth herein.

56. Terminating an employee in order to avoid the need to accommodate a religious practice constitutes religious creed discrimination as held by the United States Supreme Court in *EEOC v. Abercrombie & Fitch Stores, Inc.* (2015) 135 S.Ct. 2028.

57. Defendants terminated Plaintiff to avoid accommodating her religious practice by claiming she was a safety threat in her unvaccinated state without evidence.

58. Defendants terminated Plaintiff claiming she could not reasonably perform the essential duties of her job from a vacant office with a door.

59. Defendants were not motivated to offer Plaintiff any accommodation that would resolve the conflict between Plaintiff's sincerely held religious beliefs and practices, and Defendants' policy.

60. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e–2(m), Plaintiff has suffered harm, and continues to suffer harm, in loss of wages, denial of

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

9

unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory damages in an amount to be proven at trial.

### Fourth Cause of Action

### Violation of 42 US Code § 2000e–2(a)(2)

61.   Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 60 and the First Cause of Action through the Third Cause of Action, as if fully set forth herein.

62.   Title VII requires otherwise-neutral policies to give way to the need for an accommodation to relieve Plaintiff of the burden of choosing between her job or her religious convictions.

63.   Defendants' policy forced Plaintiff to choose between her job and her religious beliefs and practices.

64.   Plaintiff's failure to comply with Defendants mandate to the COVID-19 vaccination and testing protocol was the substantial motivating reason for Defendants' decision to subject Plaintiff to adverse employment actions.[6]

65.   At all times, Defendants had the authority to modify its policies, work practices, schedules, and work location to resolve the conflict between its policy and Plaintiff's religious beliefs and practices.

66.   As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e-2(a)(2), Plaintiff has suffered harm, and continues to suffer harm, in loss of wages, denial of

---

[6] CCR Title 2 Sec. 11062; Title VII of the Civil Rights Act of 1964; EEOC v. Townley Engineering & Mfg. Co. (9th Cir.1988) 859 F.2d 610, 614 fn 5.)

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory damages in an amount to be proven at trial.

### Fifth Cause of Action

### Violation of 42 US Code § 2000e–2(a)(2)

67. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 66 and the First Cause of Action through the Fourth Cause of Action, as if fully set forth herein.

68. Title VII makes it "unlawful for an employer to limit, segregate, or his classify… employees" … in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... religion..." 42 US Code § 2000e-2(a)(2)

69. Defendants' segregation of Plaintiff from the workplace and relieving her of all duties were adverse actions affecting her employment opportunities and status as an employee because of her religious beliefs and practices.

70. Defendants' segregation and relieving Plaintiff of all duties were progressive steps toward terminating Plaintiff's employment.

71. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000e-2(a)(2), Plaintiff has suffered harm, and continues to suffer harm, in loss of wages, denial of unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory damages in an amount to be proven at trial.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

11

## Sixth Cause of Action

### Violation of Cal. Civil Code Part 2 § 46(d) Slander

72. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 71 and the First Cause of Action through the Fifth Cause of Action, as if fully set forth herein.

73. "Slander is a false and unprivileged publication, orally uttered and also communications by…other means which… imputes in him the present existence of an infectious, contagious or loathsome disease;" Cal. Civil Code Part 2 § 46(d).

74. "A direct threat means a significant risk of substantial harm that cannot be eliminated or reduced by reasonable accommodation." 29 CFR §1630.2(r)

75. Defendants falsely imputed to Plaintiff an infectious, contagious, and loathsome disease (COVID-19) by claiming Plaintiff was a safety threat to herself, staff members and the public without any assessment or verification that Plaintiff was COVID-19 positive or had been exposed to anyone with COVID-19.

76. Plaintiff had no symptoms or exposure to COVID-19 to validate Defendant's claim that she was infectious or contagious. Furthermore, Plaintiff daily certified she had no COVID 19 symptoms or exposure to COVID-19.

77. Defendants knew the imputation of an infection, contagious disease (COVID-19) had a natural tendency to injure Plaintiff as per Cal. Civil Code Part 2 § 46(d).

78. As a direct and proximate result of Defendants' violation of Cal. Civil Code Part 2 § 46(d) and 29 CFR §1630.2(2), Plaintiff has suffered harm, and continues to suffer harm, in loss of wages, denial of unemployment compensation, loss of comparable future employment and loss of retirement income thereby entitling her to compensatory damages in an amount to be proven at trial.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

12

## Seventh Cause of Action

## Violation of the Free Exercise Clause of the First Amendment to the United States Constitution (42 U.S.C. § 1983)

79. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 78 and the First Cause of Action through the Sixth Cause of Action, as if fully set forth herein.

80. The First Amendment's Free Exercise Clause provides that "Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof."

81. Defendants' imposition of their own brand of "state" sanctioned religion in the form of unconscionable policies, orders and mandates upon Plaintiff is in direct contravention to the First Amendment prohibition of making law(s) and or policies respecting an establishment of religion.

82. Defendants' policy, on its face and as applied, violates Plaintiff's First Amendment rights by interfering with Plaintiffs' free exercise of religion.

83. Defendants' policy also violates the First Amendment because it denies a benefit or penalizes an employee for exercising a Constitutionally secured right. See Koontz v. St. Johns River Water Mgmt. Dist., 570 U.S. 595, 604 (2013).

84. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered, and continues to suffer harm, including the loss of her fundamental Constitutionally secured rights and loss of wages entitling her to compensatory damages in an amount to be proven at trial.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

13

## Eighth Cause of Action

**Violation of the Free Exercise Clause of the California Constitution (Article 1, Section 4)**

85. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 84 and the First Cause of Action through the Seventh Cause of Action, as if fully set forth herein. Article I, Section 4 of the California Constitution states, "Free exercise and enjoyment of religion without discrimination or preference are guaranteed."

86. "[T]he religion clauses of the California Constitution are read more broadly than their counterparts in the federal Constitution." Carpenter v. City and County of San Francisco, 93 F.3d 627, 629 (1996).

87. The COVID-19 vaccine policy imposed a substantial burden on Plaintiff's free exercise of religion and free will by forcing her to comply with the COVID-19 testing and vaccine policy or face punishment and the eventual termination of Plaintiff's employment.

88. As a direct and proximate result of Defendants' violation of the California Constitution, Plaintiff has suffered and will continue suffering the loss of her fundamental Constitutionally secured rights and financial remuneration, entitling her to damages due be determined at trial.

## Ninth Cause of Action

**Violation of the Equal Protection Clause of the United States Constitution (42 U.S.C. § 1983)**

89. Plaintiff re-alleges and incorporate by reference the allegations in the preceding paragraphs 1 through 88 and the First Cause of Action through the Eighth Cause of Action, as if fully set forth herein.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

14

90.     Defendants' COVID-19 testing and vaccine policy, on its face and as applied, is an unconstitutional abridgement of Plaintiff's right to equal protection.

91.     Defendants' testing and vaccine policy discriminates against religion. The policy required Plaintiff to take weekly COVID-19 tests or be vaccinated with the COVID-19 shot against her free will and freedom of religion.

92.     As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered, and continues to suffer harm, including the loss of her fundamental Constitutionally secured rights to exercise Plaintiff's religious beliefs and practices, due to Plaintiff's termination of employment, and is entitled to compensatory damages in an amount to be proven at trial.

## Tenth Cause of Action

## Deprivation of Rights Under 42 U.S.C. § 1983 (Monell)

93.     Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs 1 through 92 and the First Cause of Action through the Ninth Cause of Action, as if fully set forth herein.

94.     The unlawful actions, as alleged in the First through Ninth Causes of Action, were carried out by individuals who sit at the top of their departments within the CITY OF EMERYVILLE and who qualify as final policymakers under Monell v. Department of Social Services. The City Manager, CHRISTINE DANIEL, ratified the COVID-19 vaccine policy.

95.     Furthermore, other departments within the CITY OF EMERYVILLE, such as HUMAN RESOURCES, facilitated the denial of Plaintiff's requested accommodations, therefore, CITY OF EMERYVILLE is liable for damages that may be awarded against Defendants for their unlawful actions.

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

15

## DEMAND FOR RELIEF

Plaintiff demands relief:

1. for reinstatement of employment, back pay, front pay, and other special damages according to proof;

2. for general damages to compensate Plaintiff for emotional distress, pain and suffering, and loss of enjoyment of life;

3. for costs of suit incurred;

4. for punitive damages and such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury.

_13_ day of December, 2022.

_____
Rochelle Conner, In Sui Juris, Pro Per

RELIGIOUS DISCRIMINATION; TITLE VII OF CIVIL RIGHTS ACTION OF 1964 AND 42 U.S.C. § 2000E-2; CFR § 1605; 42 U.S.C. § 1983; ARTICLE 1, SEC. 4 CALIFORNIA CONSTITUTION DEMAND FOR TRIAL BY JURY

16