UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE CONNER,<br><br>    Plaintiff,<br><br>v.<br><br>TRISH RAVER, et al.,<br><br>    Defendants. | Case No. 22-cv-08867-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: ECF No. 56 |

Before the Court is Defendant City of Emeryville's ("City") motion for judgment on the pleadings. ECF No. 56. The Court will grant the motion in part and deny it in part.

**I.    BACKGROUND[1]**

Plaintiff Rochelle Conner was employed by the City as an executive assistant. ECF No. 24 ¶ 4. In October 2021, the City implemented a COVID-19 testing and vaccine policy, pursuant to which employees had either to provide proof of vaccination or to be tested weekly. *Id.* ¶ 10. Conner alleges that she has "sincerely held religious beliefs that prevent her from participating in Covid-19 tests or vaccines without violating her faith." *Id.* ¶ 4. She submitted a request for religious exemption from the policy to the City. *Id.* ¶ 11.

Her submission to the City began with a letter from the First Century Bible Church in Memphis, Tennessee. ECF No. 24-1 at 3. The letter was signed by Pastor Scott Lively, First Century's founder. *Id.* In the letter, Pastor Lively explained as follows:

> This letter is to confirm that ROCHELLE CONNER is a registered member of First Century Bible Church who has specifically affirmed her sincere religious conviction about the Biblical Right of

---

[1] For the purpose of deciding this motion, the Court accepts as true the factual allegations from the operative complaint, ECF No. 24. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

> Bodily Sovereignty as detailed in our Declaration and Doctrine of First Century Bible Church on Government Health Mandates Including Vaccines, which states in pertinent part:
>
> "First Century Bible Church's policy on governmental mandatory edicts rests upon two pillars as its foundation: the Bible as the inerrant Word of God, and America's Bible-based founding documents, the Declaration of Independence and the Constitution, both of which honor the liberty of individuals to pursue their own happiness subject to the revealed guidance of God and, among other things, to determine for themselves what, if any, health measures they wish to pursue.
>
> "Our Church believes in the absolute sovereignty of God in all things, and His delegation of authority to human beings over the control of their own minds and bodies (Colossians 1:16-17; 1 Corinthians 6:19-20). We believe we possess both the God-given ability to reason and the gift of free will to make our own choices regarding our lives, inclusive of our health and well-being, and that individuals should be the ones to make their own decisions pertaining to any and all medical services and medications, including all decisions regarding vaccines no matter what conditions—including pandemics—may be present . . . .
>
> "In summary, we recognize only God as our ultimate authority in all things, and that He has delegated to each of us authority over our own lives and choices in matters of health, including that of vaccines, and we hold that the serious, potentially eternal consequence attaching to our choices, strongly outweighs any dictate of government to the contrary.
>
> "This Declaration shall serve as effective notice of demand for religious accommodation to exempt the bearer from receiving any mandated vaccine or other invasive identifier such as ID2020, upon presentation by a member of First Century Bible Church or its registered affiliate congregations to any government or public health authority."

*Id.* (quotation marks in original; emphasis omitted). Conner also attached a memorandum in which she quoted from Lively's letter and then added the following text:

> I Timothy 1:7 says , "God has not given us the spirit of fear but of love , and power and a sound mind." (KJV) The Bible makes clear that as a child of God, I wrestle not against flesh and blood but against principalities, powers, rules of the darkness of this world and spiritual wickedness in high places. It is my strongly held religious belief and conviction that these medical experiments and requirements are driven by spiritual wickedness in high places. I am not to submit to the "spirit of fear" because that is idolatry and a sin against God .

*Id.* at 4.

After receiving Conner's request, the City asked Conner some follow-up questions. ECF

2

1  No. 24 ¶ 26; ECF No. 1-10 at 2.  Specifically, the City asked Conner to identify the sincerely held
2  religious belief, practice or observance that formed the basis for her request for a religious
3  exemption accommodation; to explain how that sincerely held religious belief, practice or
4  observance conflicted with the City's COVID-19 vaccine and testing requirements; and, if she did
5  not have a religious objection to the use of all medical testing, to explain why her objection was
6  limited to the COVID-19 test.  ECF No. 24 ¶ 29.  Conner declined to provide any additional
7  information beyond that she had already provided.  *Id.* ¶ 29.  After some further correspondence,
8  the City denied Conner's request and terminated her employment.  *Id.* ¶¶ 4, 17.

9  Conner then filed this lawsuit on December 14, 2022, naming as defendants the City; Trish
10 Raver, the City's human resources director; and Lori Elefant, a City management analyst.  ECF
11 No. 1.  The Court construed that complaint as asserting causes of action for failure to
12 accommodate, retaliation, and disparate impact under Title VII, 42 U.S.C. § 2000e-2(a); and
13 violations of Section 1983, 42 U.S.C. § 1983; On January 9, 2023, defendants moved to dismiss
14 the complaint.  ECF No. 10.  The Court granted the motion on August 24, 2023.  ECF No. 22.

15 Conner filed a first amended complaint on September 12, 2023, naming only the City as a
16 defendant.  ECF No. 24.  On September 26, 2023, the City moved to dismiss the first amended
17 complaint.  ECF No. 25.  The Court granted the motion in part and denied it in part on March 27,
18 2024.  ECF No. 39.  The Court dismissed all claims except Conner's Title VII retaliation and
19 failure to accommodate claims.  ECF No. 39 at 14–15.  Although the Court granted leave to
20 amend with respect to some of the dismissed claims, Conner did not amend.

21 On November 11, 2024, the City filed the motion for judgment on the pleadings that is
22 now before the Court.  ECF No. 56.  Conner opposed, ECF No. 59, and the City filed a reply.
23 ECF No. 60.  The Court took the matter under submission without a hearing on January 27, 2025.
24 ECF No. 61.

25 **II.   JURISDICTION**
26 The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343.
27 **III.  LEGAL STANDARD**
28 A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure

12(c), which provides that "[a]fter pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The standard governing a Rule 12(c) motion is essentially the same as that governing a Rule 12(b)(6) motion. *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(c) motion will only be granted when, viewing the facts as presented in the pleadings in a light most favorable to the plaintiff, and accepting those facts as true, the moving party is entitled to judgment as a matter of law. *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1301 n.2 (9th Cir. 1992). "[M]aterials properly attached to the pleadings as exhibits may [also] be considered." *Wahl v. American Sec. Ins. Co.*, No. C 08-00555 RS, 2010 WL 1881126, at *3 (N.D. Cal. May 10, 2010) (citing *Amfac Mtg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978)). "Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleadings could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**IV.     DISCUSSION**

The City moves for judgment on the pleadings on Conner's Title VII retaliation claim and her Title VII failure to accommodate claim.[2]

   **A.     Title VII Retaliation**

The City first argues that judgment should be entered on Conner's Title VII retaliation claim because she abandoned that claim by filing a second amended complaint that did not include

---

[2] The Court grants the City's requests for judicial notice of Exhibits 1-4 to its motion. ECF No. 56-1. These exhibits are all publications of federal agencies that are properly the subject of judicial notice. *Belin v. Starz Ent., LLC*, No. 2:21-CV-09586-FWS-PLA, 2024 WL 4720795, at *4 n.2 (C.D. Cal. Sept. 20, 2024). The request for judicial notice of Exhibit 5 is denied. Citation to a district court decision does not require judicial notice.

4

1   it. ECF No. 56 at 17–18. Conner responds that she "believed that an amended complaint related
2   back to her original complaint" and that "[i]f Plaintiff's understanding was in error, and the order
3   was confusing, . . . she should be afforded an opportunity to amend and correct the error." ECF
4   No. 59 at 9.

The Court agrees with Conner. The Court originally dismissed Conner's retaliation claim, ECF No. 22, which led Conner to omit it from her amended complaint, ECF No. 24. Subsequently, in the Court's order on the City's second motion to dismiss, the Court noted that it had "misapplied the burden on a motion to dismiss" and denied the City's motion to dismiss the retaliation claim. ECF No. 39 at 10 n.3. While that order directed Conner to "file an amended complaint . . . to cure the deficiencies identified," *id.* at 15, the Court agrees that this statement did not make it clear to Conner, who proceeds pro se, that she needed to replead the retaliation claim in an amended complaint.

Accordingly, the Court will allow Conner to file an amended complaint to reassert her retaliation claim, together with all other claims she intends to assert, and all facts and exhibits supporting her claims. An amended complaint completely replaces prior complaints, so she may not incorporate material from prior complaints by reference. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

### B.   Title VII Failure to Accommodate

"Title VII of the Civil Rights Act of 1964 [makes] it unlawful for covered employers 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges [of] employment, because of such individual's . . . religion." *Groff v. DeJoy*, 600 U.S. 447, 457 (2023) (quoting 42 U.S.C. § 2000e–2(a)(1). Employers must "'make reasonable accommodations to the religious needs of employees' whenever that would not work an 'undue hardship on the conduct of the employer's business.'" *Id.* (quoting 29 C.F.R. § 1605.1 (1968)).

Here, Conner alleges that the City failed to accommodate her religion by requiring her either to receive the COVID-19 vaccine or to test weekly for the presence of the COVID-19 virus. To establish religious discrimination on the basis of a failure-to-accommodate theory, Conner

5

1   must first set forth a prima facie case that (1) she had a bona fide religious belief, the practice of
2   which conflicts with an employment duty; (2) she informed the City of the belief and conflict; and
3   (3) the City discharged, threatened, or otherwise subjected her to an adverse employment action
4   because of her inability to fulfill the job requirement.  *Peterson v. Hewlett-Packard Co.*, 358 F.3d
5   599, 606 (9th Cir. 2004) (citation omitted).[3]  "If [Conner] makes out a prima facie failure-to-
6   accommodate case, the burden then shifts to [the City] to show that it initiated good faith efforts to
7   accommodate reasonably the employee's religious practices or that it could not reasonably
8   accommodate the employee without undue hardship." *Id.* (citation and quotations omitted).

9        The City argues that Conner fails to plead sufficient facts to establish a prima facie failure
10  to accommodate.  ECF No. 56 at 21.  It places great weight on *Weiss v. Permanente Med. Grp.,*
11  *Inc.*, 738 F. Supp. 3d 1217 (N.D. Cal. 2024), which is discussed further below.  Conner complains
12  that "[t]he Court already ruled that the Title VII Failure to Accommodate Claim was sufficiently
13  pled and determined that disputes in material facts regarding whether Plaintiff could be
14  accommodated remained and were not resolvable at the pleading stage." ECF No. 59 at 2.

15       Conner is correct that the City previously advanced a version of this argument—without
16  citation to *Weiss*—in its first motion to dismiss Conner's complaint.  ECF No. 10 at 13.  In
17  deciding that motion, the Court found that the Conner's requested accommodations would
18  constitute an undue hardship, and did not reach the City's argument that Conner failed to plead a
19  prima facie case that her sincere religious belief conflicted with the City's vaccination and testing
20  requirement.  ECF No. 22 at 9.  The City then briefly made the same argument in its motion to
21  dismiss Conner's first amended complaint.  ECF No. 25 at 14–15.  The Court rejected this
22  argument, finding that "Conner's claim that her Christian faith informed her decision not to
23  receive the COVID-19 vaccine or undergo any testing is sufficient at the pleading stage to meet
24  the prima facie element that she has a bona fide religious belief under Title VII that conflicted
25  with a condition of employment." ECF No. 39 at 7.

26       Nonetheless, the Court will consider the City's argument that Conner has not alleged a

---

[3] That Conner has alleged the third element is not contested.

prima facie case of failure to accommodate. Since the Court handed down its prior orders, a colleague court has decided *Weiss*—a well-reasoned decision that constitutes a material change in law. *Weiss* was not available to the City at the time it briefed either motion to dismiss. The Court therefore exercises its discretion to treat the City's motion for judgment on the pleadings as a motion for reconsideration based on a change in law occurring after the time of the Court's prior orders. Civ. L.R. 7-9(b)(2); *Phase Forward Inc. v. Adams*, No. C 05-4232 JF (HRL), 2007 WL 3022236, at *1 (N.D. Cal. Oct. 15, 2007).

Turning to the merits, to establish the second element of a prima facie case, i.e., that she informed the City of her religious belief and the basis of the conflict with her employment duties, Conner was required to provide the City with "enough information about [her] religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1439 (9th Cir. 1993). She also needed to "relay sufficient information about the conflict between the religious belief and the employer's practice or policy, not simply the employee's desired accommodation, in order for an employer to ensure it has met its obligations under . . . Title VII." *Weiss*, 738 F. Supp. 3d at 1224. Conner did not satisfy that obligation.

*Weiss* is instructive. There, plaintiff Mimi Weiss alleged that her former employer, The Permanente Medical Group (TPMG), failed to accommodate her religious beliefs and wrongfully terminated her for not complying with TPMG's COVID-19 vaccination policy. Weiss initially requested a religious exemption from the COVID-19 vaccine, citing her belief that introducing foreign substances into her body violated her religious principles. TPMG provisionally granted the exemption but later sought additional clarification after discovering that Weiss and other employees had used template language in their requests.[4] Weiss either refused to answer TPMG's

---

[4] The EEOC permits employers to make such inquiries, as follows:

> Where the accommodation request itself does not provide enough information to enable the employer to make a determination, and the employer has a bona fide doubt as to the basis for the accommodation request, it is entitled to make a limited inquiry into the facts and circumstances of the employee's claim that the belief or practice at issue is religious and sincerely held, and that the belief

7

follow-up questions or provided vague responses, asserting that the questions were unduly intrusive. For example, Weiss originally stated that the COVID-19 vaccine went "directly against [her] belief" to abstain from accepting "foreign substances into [her] body temple that change how [her] Creator designed it." *Id.* at 1223. "Weiss also admitted to never having declined a vaccine due to her religious beliefs." *Id.* Weiss was also unable to articulate why the COVID-19 vaccine was different from any other, instead simply referring to her religious belief in Jesus Christ as the messiah. *Id.*

The court granted TPMG's motion for judgment on the pleadings, finding that Weiss failed to adequately plead her claims under Title VII of the Civil Rights Act of 1964 because she did not provide sufficient notice of the conflict between her religious beliefs and TPMG's vaccination policy. The Court found that "Weiss's generic explanations amounted to the kind of 'blanket privilege' that would have resulted in a 'limitless excuse for avoiding all unwanted obligations' and provided little basis for TPMG to evaluate the extent of her religious beliefs' potential conflict with [its vaccination] [p]olicy." *Id.* (citing *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 458, 465–66 (M.D. Pa. 2022)).

The facts here are similar. Here, as in *Weiss*, Conner provided only generic responses to the City's initial inquiries seeking to understand the purported conflict between Conner's religious beliefs and the City's COVID vaccination or weekly testing requirement. She stated:

> Participating in vaccination or testing activities are medical experiments that violate my sincerely held religious belief . . . it is my strongly held religious belief and conviction that these medical experiments and requirements are driven by spiritual wickedness in high places. . . I possess the God-given ability to reason and make my own decisions pertaining to "any and all medical services," COVID19 testing is a medical service that violates my sincerely held beliefs . . . . God has delegated to me the authority to "make choices in matters of health, including that of vaccines."

ECF No. No. 1-8 at 4 (quotation marks in original). Per EEOC guidance, the City was entitled to ask Conner follow-up, clarifying questions to determine whether Conner's purported conflict

---

or practice gives rise to the need for the accommodation.

EEOC, *Compliance Manual on Religious Discrimination*, § 12-IV(A)(2) (Jan. 15, 2021).

8

1 constituted a sincerely held religious belief, or instead constituted an isolated teaching or
2 personal/political view which the City was not obligated to accommodate under Title VII. In
3 response, Conner either refused to answer the questions or merely repeated portions of her prior
4 answers. Of particular note, Conner did not respond whether she objected to all medical testing or
5 why, if she did not, why her objection was limited to the COVID-19 test.

6 As in *Weiss*, these generic answers regarding the conflict between her religious beliefs and
7 the COVID-testing requirement amounted to a "blanket privilege" that, if accepted, would result
8 in a "limitless excuse for avoiding all unwanted obligations," particularly given Conner's assertion
9 that her religion gave her the "ability to reason and make my own decisions pertaining to "'any
10 and all medical services.'" *Weiss*, 738 F. Supp. 3d at 1223; *Finkbeiner v. Geisinger Clinic*, 623 F.
11 Supp. 3d 458, 462-63 (M.D. Pa. 2022) (granting motion to dismiss with prejudice amended
12 complaint against employees who sought religious accommodation by exemption from their
13 employer's twice-weekly COVID test mandate for unvaccinated employees where the employees'
14 asserted basis for their religious accommodation was "a sincere religious belief that I have a God
15 given right to make my own choices regarding what is good or bad for me."). "Though fungible
16 enough to cover anything that [Conner] trains it on, this belief is an isolated moral teaching . . . not
17 a comprehensive system of beliefs about fundamental or ultimate matters." *Finkbeiner v.*
18 *Geisinger Clinic*, 623 F. Supp. 3d 458, 465–66 (M.D. Pa. 2022) (citation modified) (quoting
19 *Fallon v. Mercy Cath. Med. Ctr. of Se. Pa.*, 877 F.3d 487, 492 (3d Cir. 2017)).

20 The Court therefore dismisses Conner's failure to accommodate claim. While the Court is
21 skeptical that Conner can provide additional facts in support of that claim, the Court will grant
22 Conner one opportunity to amend because she has not previously been required to confront the
23 holding in *Weiss*.

24 **CONCLUSION**

25 For the foregoing reasons, the City's motion to dismiss is granted. The Court grants leave
26 to amend solely to correct the deficiencies identified in this order. Conner is directed to file an
27 / / /
28 / / /

9

amended complaint within 28 days.  If she does not do so, the Court will dismiss the case with prejudice.

**IT IS SO ORDERED.**

Dated:  June 23, 2025



JON S. TIGAR
United States District Judge